12944/DFG/mlt

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DANIEL FLECK, ) | |
| ) | |
| Plaintiff, ) | No. 18 cv 7745 |
| ) | |
| vs. ) | Judge Charles P. Kocoras |
| ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| Chicago Police Officers K. R. REYNOLDS, J. ) | |
| P. CAVAZOS, and B. J. HUH, Detective J. ) | |
| PENTIMONE Star #21165, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, DANIEL FLECK, by and through his attorneys, the Vrdolyak Law Group, complains against Defendants, CITY OF CHICAGO, a municipal corporation, CHICAGO POLICE DEPARTMENT, a municipal entity, K. R. REYNOLDS, J. P. CAVAZOS, B. J. HUH, DETECTIVE J. PENTIMONE Star #21165, (collectively, "Defendants"), and states as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises out of a wrongful arrest in December of 2016, in which the Plaintiff was deprived of his Fourth Amendment constitutional rights.

2. The lawsuit seeks damages for entering the Plaintiff's residence without a warrant and wrongfully arresting the Plaintiff in December of 2016 in violation 42 U.S.C. §1983.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and §1343 (a). This Court has supplementary jurisdiction over Plaintiffs state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) because the parties reside in this judicial district and the events giving rise to Plaintiff's claims occurred in Cook County, Illinois.

## PARTIES

5. Plaintiff DANIEL FLECK was a resident of Evergreen Park, Cook County, State of Illinois at all relevant times herein.

6. Defendant CITY OF CHICAGO is a municipality, organized and existing under the laws of the State of Illinois, which employs or employed the Defendant Officers, and is responsible for indemnifying the Defendants in this matter.

7. Defendant CHICAGO POLICE DEPARTMENT is a law enforcement agency for the City of Chicago, Illinois. At all times relevant hereto, Defendant employed Officers REYNOLDS, CAVAZOS, HUH, and Detective PENTIMONE.

8. At all times relevant hereto, Defendant REYNOLDS was the Chicago Police Sergeant who oversaw the seizure which led to Plaintiff's wrongful arrest. In this capacity, this Defendant was the supervisor of the Defendants identified in the following paragraph.

9. At all times relevant hereto, Defendants CAVAZOS and HUH were duly appointed Chicago Police Officers, members of the Fugitive Apprehension Unit and assigned to Beat #5755A, and conducted the seizure which led to Plaintiff's wrongful arrest.

10. At all times relevant hereto, Defendant, J. PENTIMONE Star #21165, was a duly appointed Chicago Police Detective, assigned to Area North and wrongfully named Plaintiff as a suspect and issued an erroneous investigative alert for Plaintiff.

11. All of the foregoing Defendants are sued in their individual capacities, and all acted under the color of law in the State of Illinois and in the scope of their employment in engaging in the actions alleged in this Complaint.

## STATEMENT OF FACTS

12. On December 7, 2016, at approximately 7:05 p.m., Plaintiff was at his residence at the address of 9731 S. Harding Avenue, Evergreen Park, Illinois.

13. On information and belief, the Chicago Police Department issued an investigative alert regarding an individual with a name similar to "Daniel Fleck."

14. Plaintiff Daniel Fleck was confused with that suspect with a similar name.

15. On the aforesaid date and time, Defendants CAVAZOS and HUH went to Plaintiff's residence to arrest him. The Defendants did not have a search or arrest warrant.

16. Plaintiff greeted the officers at the entrance to his home and identified himself.

17. Plaintiff was then and there arrested without a warrant, allegedly on the charge of aggravated battery, relating to an incident which took place on October 19, 2016.

18. After the arrest, Defendants transported Plaintiff to the 22nd District Police Station of the Chicago Police Department, where Defendant REYNOLDS approved the probable cause for Plaintiff's arrest.

19. Plaintiff was held incognito by the Chicago Police Department overnight at the 22nd District Police Station on that date.

20. The Defendants refused to allow Plaintiff to call his wife to inform her he had been arrested.

21. Plaintiff did not commit aggravated battery on the date of October 19, 2016. In fact, Daniel Fleck had never been convicted of, charged with, or even arrested for battery before December 7, 2016.

22. On information and belief, the person who committed the battery for which Plaintiff was wrongfully arrested was named "Daniel Flack."

23. Defendants CAVAZOS and HUH did not have probable cause to arrest Plaintiff.

24. Detective J. PENTIMONE wrongfully named Plaintiff as a suspect, never verified that Plaintiff was the suspect in an alleged battery, and wrongfully issued an investigative alert for Plaintiff with no probable cause.

25. Defendant REYNOLDS was not justified in his approval of probable cause underlying Plaintiff's arrest, or his approval of Plaintiff's detention on the night of December 7, 2016.

## COUNT I – 42 U.S.C. § 1983 Claim

26. The allegations set forth in paragraphs 1 through 23 are incorporated herein by reference.

27. As described above, Defendant REYNOLDS was the supervisory official to Officers CAVAZOS and HUH.

28. Defendants CAVAZOS and HUH acted unreasonably by arresting the Plaintiff at his residence without a warrant or probable cause.

29. Defendants knew, or should have known, that arresting an individual without a warrant or probable cause would deprive that individual of rights guaranteed by the United States Constitution.

30. Plaintiff was arrested and detained by the Defendants without probable cause on December 7, 2016, which was a violation of his constitutional rights secured by the U.S. Constitution and its laws. His arrest and detention was caused by J. PENTIMONE unreasonably failing to identify the correct suspect and issued an investigative alert for Plaintiff without probable cause.

31. The conduct of Defendants REYNOLDS, CAVAZOS, HUH, and PENTIMONE disregarded the Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures in his own home. Accordingly, these Defendants are liable under 42 U.S.C. 1983.

WHEREFORE, Plaintiff asks that Defendants be held liable for violation of 42 U.S.C. 1983.

## COUNT II – State Law Claim Indemnification

32. The allegations in paragraphs 1 through 23 are incorporated herein by reference.

33. Pursuant to 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee acting within their scope of employment, such as Defendants, are found liable.

34. Defendant CITY OF CHICAGO is liable for any judgments entered against Defendants CHICAGO POLICE DEPARMENT, K. R. REYNOLDS, J. P. CAVAZOS, B. J. HUH, J. PENTIMONE for compensatory damages and for associated attorneys' fees and costs.

35. In the event a judgment for compensatory judgment is entered against Defendants, CITY OF CHICAGO must pay the judgment as well as associated attorneys' fees and costs.

36. The Defendant officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff requests that this Court grant him the following relief, jointly and severally against the named Defendants:

a   Judgment for compensatory damages against all Defendants in an amount to be determined at trial by jury;

b   Judgment for punitive damages against all Defendants in an amount to be determined at a trial by jury;

c   An award of the costs of this action against all Defendants, including reasonable attorneys' fees in accordance with 42 U.S.C. 1988 and or 18 U.S.C. 1964 (c);

d   An award requiring City of Chicago to pay any and all judgments for compensatory damages against these Defendants as well as associated attorneys' fees and costs; and

e   Such other further relief this Court deems appropriate and just.

Plaintiff demands Trial by Jury.

                                                PLAINTIFF'S DEMAND TRIAL BY JURY

                                                s/Daniel F. Gallagher

Plaintiff's Attorney
Daniel F. Gallagher #905305
Vrdolyak Law Group, LLC
100 North Riverside, Suite 2400
Chicago, IL 60606
312-482-8200 x.206
dgallagher@vrdolyak.com